UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SIGNET FINANCIAL GROUP, a division of SIGNET CAPITAL CORPORATION,

Plaintiff,

v.

JOHN COMMON, JAN PIERCE, WARRANTY U.S.A., INC., WARRANTY & FINANCIAL PRODUCTS, INC., CONSUMER FINANCIAL SERVICES GROUP, INC., MARKETING SOLUTIONS, and DOES 1 through 50, inclusive,

Defendants.

NO. CIV. S-01-1091 WBS PAN(JFM)

AMENDED MEMORANDUM AND ORDER RE: MOTION TO WITHDRAW

----oo0oo----

I. Factual and Procedural Background

Plaintiff Signet Financial Group filed this lawsuit in the Superior Court of California in and for the County of Solano to recover damages for breach of contract. On June 4, 2001, defendants John Common, Jan Pierce,[1] Warranty U.S.A., Inc., Warranty & Financial Products, Inc., Consumer Financial Services

[1] Jan Pierce, who was married to John Common, is also known as Jan Common.

Group, Inc., and Marketing Solutions removed the case to this court. Several months later, defendants Warranty USA, Inc., Consumer Financial Services Group, Inc., and Marketing Solutions filed bankruptcy petitions in the District of Nevada, which resulted in an automatic stay, pursuant to 11 U.S.C. § 362(a)(1).[2] With the exception of Stevens & O'Connell LLP's[3] motion to be relieved as counsel filed in April, 2002, the docket has been dormant ever since.

However, unbeknownst to the court, defendant Pierce died on June 26, 2002. (Stmt. of Fact of Death 1.) Jerry R. Kimball was appointed as her Personal Representative and Executor of her estate by the Superior Court of Washington in and for the County of King on July 17, 2002. (Kimball Decl. Ex. A (attached to Stmt. of Fact of Death).) Since that time, Kimball has worked to settle the debts owed by Pierce's estate and he herein declares that "[a]t this time, the estate is finally at a point where it can be closed." (Id. ¶ 2.)

---

[2] Although the automatic stay in the case still appears to be in effect, this fact does not bar the court's consideration of the instant motion to withdraw by an attorney for a defendant who has not filed a bankruptcy petition. See Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995) (allowing lawyers to withdraw from the case does not violate a stay pursuant to § 362(a) (citing United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993) ("Ordinarily, . . . unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties." (citations omitted, listing authorities)))). The motions here do not involve any of the parties to the bankruptcy proceeding, nor does the attorney who seeks to withdraw represent any of those parties.

[3] Stevens & O'Connell LLP represents defendants WUSA, Inc. (sued herein as Warranty USA, Inc.), Warranty & Financial Products, Inc., Consumer Financial Services Group, Inc., and Direct Marketing Solutions, Inc. (sued herein as Marketing Solutions), as well as John Common individually.

According to Kimball, plaintiff in this action was given the opportunity to file a claim against the estate based on its interest in the outcome of this litigation. (Id. ¶ 6.) That claim was rejected on May 9, 2005 and plaintiff failed to take the procedural steps necessary to challenge that decision. (Id.); see also Wash. Rev. Code § 11.40.100(1) ("If the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred"). In light of these developments, Kimball, who previously retained defendant Pierce's attorney, James Clinchard (and his firm--The Law Offices of K. Greg Peterson) to represent the estate in the instant action, has determined that the services of an outside attorney are no longer required.[4] (Kimball Decl. ¶ 7 (attached to Stmt. of Fact of Death).) Accordingly and at his client's behest, Clinchard, on behalf of himself, K. Greg Peterson, and The Law Offices of K. Greg Peterson, has moved to substitute Kimball as a defendant in this action and to be relieved as counsel.

II. Discussion

A. Motion to Substitute Party in Interest

Federal Rule of Civil Procedure 25(a)(1) provides that "if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Rule 25 further specifies that a motion for substitution may be made by

---

[4] Clinchard stated at oral argument that he believes that Kimball, in addition to being the estate representative, is also an attorney.

any party or by the successors or representatives of the deceased party. Id.

Pursuant to these procedures, Clinchard has filed statement of the fact of Pierce's death, (R. 34), and now "suggests" that "Kimball as personal representative of the Estate of Jan Pierce aka Jan Common be substituted as the defendant in the action in place of the deceased." (Id.) Because Clinchard was actually retained as counsel by Kimball to represent the deceased's interest in this matter, (id. (Kimball Decl. ¶ 7).), he is capable of making such a motion on behalf of the deceased's representative. Cf. Fehrenbacher v. Quackenbush, 759 F. Supp. 1516, 1518 (D. Kan. 1991) (quoting Charles A. Wright et al., Federal Practice and Procedure § 1955 at 545 (2d ed. 1986)) ("The attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule."); Rende v. Kay, 415 F.2d 983, 985 (D.C. Cir. 1969) (holding that "[a]lthough the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)"). Consequently, substitution of defendant Pierce's personal representative as a party in this action appears procedurally proper and will be granted.

B. Motion to Withdraw as Attorney

In the instant motion, Clinchard, on behalf of himself, K. Greg Peterson, and The Law Offices of K. Greg Peterson, also

moves to be relieved as counsel pursuant to Rule 83-182(d) of the Local Rules of Practice for the United States District Court, Eastern District of California, which provides that a court may grant leave to withdraw, even if the client will be left in propia persona, subject to such conditions as the court deems fit. The rule also notes that withdrawal of an attorney is governed by the California Rules of Professional Conduct, which permit withdrawal when the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively"--provided that the attorney seeking permission to withdraw gives due notice to the client and takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof. Conduct 3-700(A)(2), (C)(1)(d). Alternatively, the client can "knowingly and freely assent[] to termination of the employment." Cal. R. Prof. Conduct 3-700(C)(5).

To clarify, Clinchard, Peterson, and The Law Offices of K. Greg Peterson no longer represent defendant Pierce, because her death terminated their authority to act on her behalf.[5] Deiter v. Kiser, 158 Cal. 259, 262 (1910); Smith v. Bear Valley Milling & Lumber Co., 26 Cal. 2d 590, 601 (1945); see also Cal. Civ. Code § 2356(a)(2) (delineating circumstances under which a general principal-agent relationship terminates). However,

---

[5] The death of a client does not eliminate all duties owed by an attorney to her former client. For example, the attorney-client privilege continues to bind counsel to secrecy until "the client's estate is finally distributed and his personal representative is discharged." HLC Props., Ltd. v. Superior Court, 35 Cal. 4th 54, 65 (2005) (quoting Cal. Evid. Code § 954, Comm'n cmt. 29B pt. 3 at 232).

because the representative of her estate retained The Law Offices of K. Greg Peterson, assumedly to provide continuous representation of Pierce's estate in this matter, and because Pierce's representative has by this order been substituted into this case, her counsel remains counsel of record. (See Kimball Decl. ¶ 7 (attached to Stmt. of Fact of Death).) Nevertheless, because Kimball has not only assented to termination, but has personally requested it, (id.), withdrawal by The Law Offices of K. Greg Peterson, Peterson, and Clinchard is permissible. The court is informed that Kimball is an attorney, so he should not be precluded from representing the estate in this matter.

IT IS THEREFORE ORDERED that the deceased's representative's Rule 25 motion for substitution be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that James Clinchard's motion, on behalf of himself, K. Greg Peterson, and The Law Offices of K. Greg Peterson, to be relieved as counsel for defendant Jan Piercebe, and the same hereby is, GRANTED.

DATED: June 9, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE